UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK C. WILHELM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE NAVY BOARD FOR CORRECTION OF NAVAL RECORDS, et al.,<br><br>　　　　　　Defendants. | NO: 2:15-CV-0276-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 10). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

This case concerns Plaintiff Mark Wilhelm's dismissal from the U.S. Navy. Wilhelm commenced this action on October 5, 2015. ECF No. 1. In his Complaint, Wilhelm challenges his court-martial conviction and the denial of his petition to

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

correct his court-martial record. *Id.* at 10-12. Wilhelm requests that the conviction be expunged from his record, that he be ordered retired as of the date he became eligible, and that the court award him back pay, allowances, and any other emoluments to which he is entitled as a result of his improper conviction. *Id.* at 12.

In the instant motion, Defendants move to dismiss Wilhelm's Complaint, asserting that his first cause of action is barred by the statute of limitations, or alternatively fails to state a claim, and that his second claim fails to state a claim upon which relief can be granted. ECF No. 10.

## FACTS[1]

Wilhelm enlisted in the U.S. Navy in 1982 and served in active duty status until 1995. After leaving active duty, Wilhelm joined the Naval Reserves. Wilhelm was commissioned as a Chief Warrant Officer in January 2000 and returned to active duty service from February 2000 until his dismissal in 2003.

Beginning in 2002, the Navy investigated Wilhelm and charged him with 38 counts of wrongdoing. Some of these charges were for sodomy.[2] On April 9, 2003,

---

[1] The following facts are drawn from the Complaint and accepted as true for purposes of the instant motion.

[2] At all times during Wilhelm's service, Department of Defense Directive 1304.25, the so-called "Don't Ask, Don't Tell" policy, was in effect.

Wilhelm pled guilty to nine counts concerning three different offenses at a general court-martial. The Complaint does not specify which counts he pled guilty to and which counts were dismissed or withdrawn.[3] The judge sentenced Wilhelm to dismissal from the naval service. Wilhelm's case was then automatically appealed through the military appellate process. Wilhelm's appeals concluded on July 10, 2006, with a final order affirming his dismissal.

On December 9, 2009, Wilhelm petitioned the Board for Correction of Naval Records ("Board") to upgrade or "correct" his dismissal from service. The Board rendered its final decision on March 11, 2011.[4]

## DISCUSSION

**A. Standard of Review**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3] The Board's decision, attached to Wilhelm's response briefing and incorporated by reference into the Complaint, indicates that Wilhelm was convicted of making false official statements, wrongful appropriation, and conduct unbecoming an officer. *See* ECF No. 11-2 at 2.

[4] The Don't Ask, Don't Tell policy was repealed on September 20, 2011.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 3

1   (2009). The pleading standard "does not require 'detailed factual allegations,' but it
2   demands more than an unadorned, the defendant-unlawfully-harmed-me
3   accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
4   (2007)). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]
5   of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.
6   "In conducting this review, [the court] accept[s] the factual allegations of the
7   complaint as true and construe[s] them in the light most favorable to the plaintiff."
8   *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

9       "A district court may dismiss a claim if the running of the statute is apparent
10  on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656
11  F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted).
12  "However, a district court may do so only if the assertions of the complaint read
13  with the required liberality, would not permit the plaintiff to prove that the statute
14  was tolled." *Id.* (internal quotation marks omitted).

15      **B. Improper Discharge**

16      Wilhelm's first cause of action, titled Improper Discharge, asserts that
17  Wilhelm's constitutional rights under the First, Fifth, and Fourteenth Amendments
18  were violated by the Navy's investigation, persecution, prosecution, and dismissal
19  of Wilhelm from service. ECF No. 1 at 10-11.

20

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 4

Defendants move to dismiss Wilhelm's first cause of action on the ground that the claims surrounding his wrongful discharge are barred by the applicable statute of limitations. ECF No. 10 at 6-8. In response, Wilhelm asserts that his first cause of action did not accrue until after he had first exhausted his administrative remedies and the Board issued a final decision in March 2011. ECF No. 11 at 2-15.

The parties do not dispute that Wilhelm's first cause of action is subject to a six-year statute of limitations. ECF Nos. 11 at 10; 12 at 3. With a few exceptions not relevant here, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a); *see Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365-66 (D.C. Cir. 1993); *Nichols v. Hughes*, 721 F.2d 657, 659 (9th Cir. 1983). Rather, the parties dispute when Wilhelm's claim accrued based on the doctrine of exhaustion. ECF No. 11 at 4, 9-10; 12 at 3.

To begin, it is important to understand the nature of Wilhelm's first cause of action. Judgments by court-martial, although generally not subject to direct review by federal civil courts, may be subject to narrow collateral review in such courts. "Such determinations must, however, be consistent with the Constitution and within the authority of the court-martial; they are thus collaterally reviewable for constitutional or jurisdictional error." *Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989); *see Hatheway v. Sec'y of Army*, 641 F.2d 1376, 1379 (9th Cir. 1981)

(citing 28 U.S.C. §§ 1331, 1361), *abrogated on other grounds*, *High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990). Thus, a district court may collaterally review a complaint seeking to void or expunge a conviction that allegedly violated the Constitution.[5]

When this claim accrues depends on what military remedies the former serviceman was required to exhaust. "The general [exhaustion] rule requires that, before seeking to collaterally attack his court martial conviction in the civilian courts, a plaintiff must have exhausted all remedies available to him within the military." *Schnable v. United States*, 105 Fed. Cl. 610, 616 (2012) (brackets omitted) (quoting *Williams v. Sec'y of the Navy*, 787 F.2d 552, 558 (Fed. Cir. 1986)). There are two important reasons behind the exhaustion rule: First, "[t]he unused military procedure may be completely dispositive of the alleged defect, thus making intervention by the federal court wholly needless." *Id.* Second, "[i]f the military procedure proves to be adequate, potential friction between the federal and military systems is thus avoided." *Id.*

---

[5] Unlike the court's authority to review the Board's decision under the APA, the APA specifically excludes "courts martial and military commissions" from review. 5 U.S.C. § 701(b)(1)(F).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 6

"Implicit in the exhaustion doctrine [however] is the concept that a plaintiff need seek review only before military tribunals empowered to provide the remedy sought." *Cooper v. Marsh*, 807 F.2d 988, 990 (Fed. Cir. 1986). "[A] plaintiff has exhausted his military remedies when he has attempted to obtain review in every forum which could provide meaningful relief." *Id.*; *see Martinez v. United States*, 333 F.3d 1295, 1304 ("[A] plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy.").

The issue here is whether Wilhelm was required to exhaust his remedies before the Board for Correction of Naval Records before seeking collateral review of his court-martial conviction. Several courts have addressed this precise issue and concluded that a serviceman need not seek review before a correction board, pursuant to 10 U.S.C. § 1552(f),[6] because it lacks the power to overturn a court-martial conviction or provide meaningful relief for alleged constitutional violations. *See Cooper*, 807 F.2d at 990-91; *Cothran v. Dalton*, 83 F. Supp. 2d 58, 65 (D.D.C. 1999), *aff'd*, 6 F. App'x 9 (D.C. Cir. 2001); *Smalls v. United States*, 87

---

[6] Section 1552(b) was amended by the National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92, § 521, 129 Stat. 726 (2015).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 7

F. Supp. 2d 1055, 1059 (D. Haw. 2000) ("[T]he limitations period [for a wrongful discharge action] begins running at the time of discharge, and it is not tolled by the pursuit of a permissive remedy such as an appeal to the [Board]."). This is so because the correction board's power to correct the record of a court-martial is limited: Section 1552(f), amended in 1983, provides that the Secretary can correct the record of a court-martial only in two-circumstances: (1) to reflect actions taken by other military "reviewing authorities" or (2) as "action on the sentence of a court-marital for the purposes of clemency."[7] 10 U.S.C. § 1552(f); *see Wilkins v. United States*, 279 F.3d 782, 789 (9th Cir. 2002) ("We agree that Wilkins must

---

[7] Contrary to Wilhelm's suggestion, the Supreme Court's opinion in *Chappell v. Wallace*, 462 U.S. 296 (1983), is inapplicable. The issue in *Chappell* was whether enlisted military personnel could maintain a *Bivens* suit to recover damages from superior officers for alleged constitutional violations that occurred in the course of their military service. *Id.* The Court said no and, in so holding, discussed the different military procedures available to an aggrieved member of the military. *Id.* at 302-03. *Chappell* did not address whether a serviceman is required to appeal his court-martial conviction to a correction board before seeking collateral review in a civilian court, which is the relevant issue here.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 8

exhaust any claims that the Board has *competence* to address . . . ." (emphasis added)).

     This Court finds that Wilhelm's first cause of action challenging his court-martial conviction on constitutional grounds is barred by the six-year statute of limitations. Although the Board has the power to grant clemency and correct the record to reflect actions taken by other military reviewing authorities, *see* 10 U.S.C. § 1552(f), this is not the type of relief Wilhelm is requesting in his first cause of action. Rather, Wilhelm appears to be asking the Court to find that the Navy's "investigation, persecution, prosecution, and dismissal of Plaintiff violated his Constitutional rights under the First, Fifth, and Fourteenth Amendments," and to expunge his conviction on this basis. *See* ECF No. 1 at 11-12. Because the Board could not have granted Wilhelm this relief—put another way, a grant of clemency would not have extinguished this cause of action—Wilhelm was not required to petition the Board before seeking collateral relief in this Court. Accordingly, because Wilhelm's mandatory military appeals were complete on July 10, 2006, and Wilhelm did not file his Complaint until October 10, 2015, well over six years later, his first cause of action is barred and must be dismissed with prejudice.

///

///

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 9

### C. Violation of the Administrative Procedure Act ("APA")

Wilhelm's second cause of action, titled Violation of the APA, asserts that the Board abused its discretion and its decision was both arbitrary and capricious because it "did not mention or consider significant and important legal and factual matters, nor did it consider controlling legal precedent, nor did it consider that plaintiff had legally become entitled to retire prior to his court-martial plea." ECF No. 1 at 11-12.

Defendants move to dismiss Wilhelm's second cause of action for failure to state a claim upon which relief can be granted because Wilhelm fails to identify any aspect of the Board's decision that was irrational. ECF No. 10 at 14-20. In response, Wilhelm primarily asserts that his claim cannot be dismissed under Rule 12(b)(6) for failure to state a claim because the court is required to review the administrative record before dismissing his APA claim. ECF No. 11 at 11-15.

A plaintiff may challenge an agency action, such as the Board's final decision, under the APA by showing that it was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2); *Guerrero v. Stone*, 970 F.2d 626, 628 (9th Cir. 1992). Although a review of an APA claim on the merits looks to the administrative record, an APA claim is not insulated from the Federal Rules of Civil Procedure regarding pleading standards and dismissal. *See e.g.*, *Envtl. Prot.*

*Info. Ctr. v. Simpson Timber Co.*, 255 F.3d 1073 (9th Cir. 2001) (affirming district court's 12(b)(6) dismissal of plaintiff's APA claim for failure to state a claim); *Villegas v. United States*, 926 F. Supp. 2d 1185, 1206-07 (E.D. Wash. 2013) (finding the plaintiff's APA claim insufficient under Rule 8's pleading standards).

To the extent Wilhelm's second cause of action is asserting that the Board erred by failing to consider and address relevant legal and factual matters, this Court finds Wilhelm has failed to allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The Complaint merely asserts that the Board's decision was arbitrary and capricious because it failed to consider certain matters but without explaining what matters the Board failed to consider and why such failure rendered the Board's decision arbitrary and capricious. *See* ECF No. 1 at 11-12. And while the Complaint expressly states that the Board failed to comment on the repeal of the Don't Ask, Don't Tell policy, it fails to allege why this is significant, particularly because the Complaint also fails to allege the basis for Wilhelm's ultimate court-martial conviction. Thus, because Wilhelm's Complaint fails to provide more than an "unadorned, the defendant-unlawfully-harmed-me accusation," it cannot avoid dismissal under Rule 12(b)(6). *See Iqbal*, 552 U.S. at 678.

To the extent Wilhelm is asserting that the Board erred by failing to consider that he was retired prior to his court-martial plea, this Court finds that Wilhelm's

Complaint fails to state a claim as a matter of law. Even assuming Wilhelm was eligible for retirement and requested to retire before his court-martial, the Navy had the authority to delay his retirement. *See* 10 U.S.C. § 639 ("When an action has been commenced against an officer with a view to trying such officer by court-martial . . ., the Secretary of the military department concerned may delay the separation or retirement of the officer . . . until the completion of the action."); *see also* Secretary of Navy Instruction 1811.3M, 4(e)[8] ("Requests for voluntary retirement in cases where court-martial charges have been preferred and not disposed of shall be denied . . . ."). Moreover, even if Wilhelm was eligible for retirement, he lost such eligibility following his court-martial. *See Loeh v. United States*, 73 Fed. Cl. 327, 329 (2006), *amended*, 74 Fed. Cl. 106 ("[A] careful review of the applicable statutes reveals that a military officer punitively discharged from the Navy loses his eligibility for retirement."). Accordingly, Wilhelm has failed to state a claim upon which relief can be granted; this Court dismisses Wilhelm's second cause of action without prejudice.

///

///

---

[8] Wilhelm references the Secretary of Navy Instruction in his Complaint and, thus, it is incorporated into the pleading by reference. *See* ECF No. 1 ¶ 30.

### D. Leave to Amend

Even when a complaint fails to state a claim for relief, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (even if no request to amend the pleading was made). The standard for granting leave to amend is generous. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

This Court finds allowing amendment as to the second cause of action is proper. First, the Court finds no indication of bad faith or undue delay. Second, this Court finds no prejudice to the opposing party at this early stage in the proceedings. Third, Wilhelm has not previously amended his Complaint. Finally, this Court finds amendment may not be futile as to Wilhelm's second cause of action challenging the Board's decision. Consequently, because the factors weigh in favor of allowing amendment, this Court grants Wilhelm the option to amend his Complaint.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Wilhelm's first cause of action is dismissed with prejudice. Wilhelm's second cause of action is dismissed without prejudice.

2. This Court grants Plaintiff leave to file an amended complaint as to his second cause of action within **thirty (30) days** of the entry of this order.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** February 24, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 14