1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   MARK C. WILHELM,

8                          Plaintiff,          NO:  2:15-CV-0276-TOR

9        v.                                    SECOND ORDER GRANTING
                                               DEFENDANTS' MOTION TO
10  U.S. DEPARTMENT OF THE NAVY                DISMISS
    BOARD FOR CORRECTION OF
11  NAVAL RECORDS, et al.,

12                         Defendants.

13

14       BEFORE THE COURT is Defendants' Motion to Dismiss Amended

15  Complaint (ECF No. 15). This matter was submitted for consideration without oral

16  argument. The Court—having reviewed the briefing, record, and files therein—is

17  fully informed.  For the following reasons, this Court grants Defendants' motion.

18                          **BACKGROUND**

19       This case concerns Plaintiff Mark Wilhelm's dismissal from the U.S. Navy.

20  Wilhelm commenced this action on October 5, 2015. ECF No. 14. In his original

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

Complaint, Wilhelm challenged his court-martial conviction and the denial of his petition to correct his court-martial record by the Board for Correction of Naval Records ("Board"). *Id.* at 15-16.

This Court dismissed Wilhelm's claims, finding that his first claim for relief was barred by the applicable statute of limitations and that his second claim for relief failed to state a claim. ECF No. 13. The Court granted Wilhelm leave to amend, and he filed his Amended Complaint on March 23, 2016, reasserting his claim that the Board improperly denied his petition to correct his court-martial record. ECF No. 14.

In the instant motion, Defendants again move to dismiss, asserting that, to the degree the Board's decision is even reviewable by this Court, Wilhelm has failed to state a claim upon which relief can be granted. ECF No. 15.

## FACTS

The following facts are drawn from the Amended Complaint—as well as the exhibits attached thereto, including the Board's final decision—and accepted as true for purposes of the instant motion.

Wilhelm enlisted in the U.S. Navy in 1982 and entered active duty that same year. Initially an aviation mechanic, Wilhelm was eventually selected to be one of the enlisted members of the prestigious U.S. Navy Flight Demonstration Team, the

"Blue Angels." In November 1995, Wilhelm was released from active duty with an honorable discharge.

Wilhelm first learned of his homosexuality after his initial discharge from active duty in 1995. Wilhelm then joined the Naval Reserves, where he became a Chief Warrant Officer, and attempted to keep his homosexuality hidden.[1] However, not long after Wilhelm returned to active duty in February 2000 and was assigned to Atsugi, Japan, it was widely rumored that Wilhelm was homosexual. Wilhelm told a number of inconsequential lies about himself during this time, primarily to make himself sound more masculine and reduce suspicion about his sexuality.

In April 2002, Wilhelm went on leave to Russia. While in Moscow, Wilhelm engaged in consensual homosexual sex. Wilhelm was later confronted by Russian intelligence officers who threatened to expose his sexuality to the Navy unless he cooperated and provided intelligence to the Russians. Wilhelm declined and reported the attempted blackmail to the U.S. Embassy.

Upon returning to his home base, Wilhelm was debriefed by members of the Naval Criminal Investigative Service. Wilhelm did not report the basis of the

---

[1] At all times during Wilhelm's service, Department of Defense Directive 1304.26, the so-called "Don't Ask, Don't Tell" policy, was in effect.

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

blackmail to the Navy.  After hours of interrogation, Wilhelm admitted he had

engaged in homosexual activity. The Navy launched an investigation into Wilhelm

and charged him with 38 counts (or specifications) of wrongdoing: eight counts of

false official statements, two counts of larceny, three counts of sodomy, twenty-

two counts of conduct unbecoming an officer, two counts of fraudulent enlistment,

and one count of failure to obey an order. *See* ECF No. 14-2 (Charge Sheet).

Wilhelm was removed from his duties, relegated to work for the base chaplain, and

denied permission to travel home for mental health treatment.

On April 9, 2003, Wilhelm pled guilty at a general court-martial to nine

specifications for making false official statements, wrongfully appropriating

military property, and engaging in conduct unbecoming an officer;[2] the other

charges, including the three counts of sodomy, were withdrawn and dismissed. The

judge sentenced Wilhelm to dismissal from the Navy.

---

[2] The Charge Sheet indicates that Plaintiff made false official statements regarding

his prior training and experience, wrongfully appropriated a bayonet and two

scabbards, falsely impersonated an officer in an Internet posting, and indecently

exposed his penis and buttocks on a webpage, among other acts not related to his

homosexuality.  *See* ECF No. 14-2.

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

Because his punishment included a dismissal, Wilhelm's case automatically proceeded through the military appellate process.[3] Wilhelm's appeals concluded on July 10, 2006, without any specific assignments of error.

Wilhelm then pursued administrative remedies. In January 2010, Wilhelm petitioned the Board for Correction of Naval Records ("Board") to upgrade or correct his dismissal from service, in part, highlighting that a broad-ranging investigation was launched after he admitted to being gay.[4] ECF No. 14-1 (Petition). Specifically, Wilhelm provided information surrounding the anti-homosexual bias and activity of the agent who investigated Wilhelm and the general homosexual bias in the Navy.

On February 2, 2011, the Office of the Judge Advocate General issued its advisory opinion, which declined to offer an opinion on whether clemency was appropriate and indicated that it found no basis for making changes to the record. ECF No. 14-5 (Advisory Opinion).

---

[3] During his appeal, the highest military appellate court decided *United States v. Marcum*, 60 M.J. 198 (CAAF 2004), which held that sodomy charges would be subject to a different analysis than they had previously.

[4] "Don't Ask, Don't Tell" was repealed while Wilhelm's petition was pending.

On March 19, 2011, a three-member panel of the Board issued its final decision, denying Wilhelm his requested relief.  ECF No. 14-7 (Final Decision). After consideration of Wilhelm's application, the material submitted in support thereof, Wilhelm's naval record, the Advisory Opinion and response letter, and applicable statutes, regulations, and policies, the Board found "the evidence submitted was insufficient to establish the existence of probable material error or injustice."  *Id.* at 2.  In so finding that Wilhelm had not being wrongfully separated or targeted because of his homosexuality, the Board relied on (1) the comments contained in the Advisory Opinion, (2) the fact that Wilhelm had not been "charged . . . at the [general court-martial]" with any Uniform Code of Military Justice violations relating to alleged homosexual acts, and (3) the fact that Wilhelm pled guilty to the nine charges that served the basis of his sentence.  *Id.* at 2-3.

## DISCUSSION

### A. Standard of Review

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

"Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557. "In conducting this review, [the court] accept[s] the factual allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The court, without converting the motion into one for summary judgment, may also consider matters incorporated into the complaint by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1355 (3d ed. 2011)

**B. Violation of the Administrative Procedure Act ("APA")**

In his Amended Complaint, Wilhelm is challenging the Board's denial of his petition for clemency. Specifically, Wilhelm asserts that the Board's decision was both arbitrary and capricious because it (1) failed to mention significant and important legal and factual matters; (2) erroneously stated that Wilhelm had not been charged with any violations related to his homosexuality; and (3) opined that Wilhelm's claims had "no merit" despite "a mountain of evidence" in support. ECF No. 14.

*//*

1       **1.  Justiciability**

2       As a threshold issue, Defendants contend that Wilhelm's claims are not

3 reviewable under the APA. Specifically, Defendants assert that the Board's

4 decision regarding clemency petitions lies wholly within the Board's discretion

5 and thus such decisions are not a proper subject of judicial review. ECF No. 15 at

6 8-9.

7       The correction of military records is governed by 10 U.S.C. § 1552.

8 Pursuant to this statute, "[t]he Secretary of a military department may correct any

9 military record of the Secretary's department when the Secretary considers it

10 necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1).

11 However, a board's authority is more limited with respect to records of courts-

12 martial. *Cothran v. Dalton*, 83 F.Supp.2d 58, 65 (D.D.C. 1999). "[W]ith respect to

13 records of courts-martial and related administrative records pertaining to court-

14 martial cases . . . action under subsection (a) [to correct an error or remove an

15 injustice] may extend only to—(1) correction of a record to reflect actions taken by

16 reviewing authorities . . .; or (2) action on the sentence of a court-martial for

17 purposes of clemency." 10 U.S.C. § 1552(f).

18       While this Court recognizes that Congress has narrowed the scope of a

19 military correction board's power to correct the record of a court-martial, Congress

20 has done nothing to take away this Court's authority to review a correction board's

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

decisions more generally under the APA, *see Guerrero v. Stone*, 970 F.2d 626, 628 (9th Cir. 1992) (holding that the decisions of military correction boards—which are agencies under the Administrative Procedures Act ("APA") inasmuch as "agency" is defined to include "each authority of the Government"—are reviewable under the APA). And, although a correction board's decision to act is uniquely discretionary, it is still required to explain how it reached its decision. *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). Defendants emphasize that clemency decisions are generally viewed as within the exclusive province of the executive branch, ECF No. 15 at 8-9 (citing *United States v. Pollard*, 416 F.3d 48, 57 (D.C. Cir. 2005)); however, section 1552 empowers the Board to grant clemency pursuant to the same "error" or "injustice" standard as its other decisions, *see* 10 U.S.C. § 1552.  And at least one court has found such decisions reviewable.  *See Penland v. Mabus* ("*Penland II*"), --- F.Supp.3d ---, No. 13-1465-RMC, 2016 WL 1588103 (D.D.C. Apr. 20, 2016).  Accordingly, this Court finds Wilhelm's claim is reviewable, "albeit with all due deference." *Kreis*, 866 F.2d at 1514-15.

### 2.  Failure to State a Claim

Defendants next assert that, even if the Board's denial of clemency is justiciable under the APA, Plaintiff has failed to identify any plausible basis for the Court to conclude that the Board's decision to deny him clemency was not

minimally rational such that his claims should survive a Rule 12(b)(6) motion to

dismiss. ECF No. 15 at 11-20.

A servicemember may challenge the Board's final decision under the APA

by showing that it was "arbitrary, capricious, an abuse of discretion or otherwise

not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. §

706(2); *Guerrero*, 970 F.2d at 628. While judicial review under the APA is

deferential, decisions of military correction boards are entitled to even greater

deference:

> Nominally, of course, the terms of § 706 of the APA apply alike to all
> agency actions subject to review thereunder. In practice, however, the
> question whether a particular action is arbitrary or capricious must
> turn on the extent to which the relevant statute, or other source of law,
> constrains agency action. While the broad grant of discretion
> implicated here does not entirely foreclose review of the Secretary's
> action, the way in which the statute frames the issue for review does
> substantially restrict the authority of the reviewing court to upset the
> Secretary's determination. It is simply more difficult to say that the
> Secretary has acted arbitrarily if he is authorized to act "*when he
> considers it necessary* to correct an error or remove an injustice," 10
> U.S.C. § 1552(a) (emphasis added), than it is if he is required to act
> whenever a court determines that certain objective conditions are met,
> *i.e.*, that there has been an error or injustice.

*Kreis*, 866 F.2d at 1514. When reviewing a correction board's decision, "[a]ll that

is required is that the Board's decision minimally contain a rational connection

between the facts found and the choice made." *Penland v. Mabus* ("*Penland I*"), 78

F.Supp.3d 484, 495 (D.D.C. 2015) (quoting *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997)).

That being said, judicial review should not be rendered meaningless. "[T]he Board's action must be supported by 'reasoned decisionmaking.'. . . If the Board's 'explanation for its determination . . . lacks any coherence,' the court 'owe[s] no deference to [the Board's] purported expertise because we cannot discern it.'" *Haselwander v. McHugh*, 774 F.3d 990, 996 (D.C. Cir. 2014) (alterations in original and citations omitted). Moreover, "when a [military records] correction board fails to correct an injustice clearly presented in the record before it, it is acting in violation of its [statutory] mandate [under 10 U.S.C. § 1552]. And such a violation, contrary to the evidence, is arbitrary and capricious." *Id.*

Wilhelm first faults the Board for failing to "mention significant and important legal and factual matters" when considering his application. ECF No. 14 at 16. Specifically, Plaintiff faults the Board for failing to discuss the repeal of "Don't Ask, Don't Tell," as well as changes in decisional law regarding the criminalization of homosexual behavior, such as the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), and the Court of Appeals for the Armed Forces' decision in *United States v. Marcum*, 60 M.J. 198 (CAAF 2004). Further, Wilhelm calls into question whether the Board even read his petition as it did not discuss all the information showing anti-homosexual bias.

1    This Court finds Wilhelm has failed to state a claim that the Board acted

2    arbitrarily and capriciously when it failed to "mention significant and important

3    legal and factual matters." First, the Board is not an appellate tribunal. *Penland II*,

4    2016 WL 1588103, at *3. When denying an application to correct a record, the

5    Board must provide a "brief statement of the grounds for denial," which statement

6    must include "the reasons for the determination that relief should not be granted,

7    including the applicant's claims of constitutional, statutory and/or regulatory

8    violations that were rejected, together with all the essential facts upon which the

9    denial is based." 32 C.F.R. § 723.3(e). There is nothing in the relevant statutes or

10   regulations that require the Board to mention all significant legal and factual

11   issues.

12       Moreover, it remains unclear why the Board would feel compelled to

13   mention the repeal of the "Don't Ask, Don't Tell" policy or the decisions in

14   *Lawrence* and *Marcum* considering Wilhelm was not *convicted* of any offenses

15   related to homosexual behavior. As the Advisory Opinion noted, with which

16   comments the Board "substantially concurred," ECF No. 14-7 at 2, Wilhelm pled

17   guilty and was found guilty of charges independent of his sexual orientation," ECF

18   No. 14-5 at 2. Accordingly, the fact that the Board failed to mention certain factual

19   and legal issues fails to support a claim for relief.

20

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

1    Wilhelm's next two bases, in essence, fault the Board for improperly

2  ignoring his claim that he was targeted for prosecution because he confessed to

3  being homosexual. First, Wilhelm notes that the Board erroneously stated that

4  Wilhelm was never "charged" with violations relating to any alleged homosexual

5  acts even though he had been charged with three counts of sodomy as shown in the

6  Charge Sheet attached to his Amended Complaint. ECF No. 14 at 16. Second, and

7  relatedly, Wilhelm faults the Board for ignoring the "mountain of evidence" in

8  support of his claim that he was targeted for prosecution because he admitted to

9  being gay. *Id.*

10    This Court finds it clear on the face of the Amended Complaint and attached

11  documents that Wilhelm has failed to state an actionable claim.

12    First, the Board's statement that Wilhelm was not "charged" with any

13  violations relating to any alleged homosexual acts is ambiguous, at best, where the

14  final part of this sentence ends with "at your GMC" or general court-martial.

15  Wilhelm was "charged" with thirty-eight counts, including three counts of sodomy,

16  in September 2002, ECF No. 14-2 at 1; he then pled guilty at a general court-

17  martial in April 2003 to nine counts and was dismissed from service as a result. So,

18  in a sense, Wilhelm was neither "charged" nor "convicted" of any alleged

19  homosexual acts *at the general court-martial*. At any rate, the Board "substantially

20  concurred" with the Advisory Opinion, which expressly noted that Wilhelm "was

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13

found guilty of charges independent of his sexual orientation." ECF No. 14-5 at 2.

Accordingly, this ambiguous statement does not demonstrate that the Board's

decision was irrational for purposes of stating an actionable claim.

Second, the Board adequately explained why it was unable to find the

existence of probable material error or injustice for purposes of granting clemency.

In its Final Decision, attached as an exhibit to the Amended Complaint, the

Board's reason for denying Wilhelm's petition, in part, was explained as follows:

> The Board, in its review of your entire record and application,
> carefully weighed all potentially mitigating factors, such as your claim
> that you were wrongfully separated due to your sexual orientation.
> However, the Board substantially concurred with the comments
> contained in the advisory opinion. Further, the Board believed that
> your claim that you were targeted for prosecution because you
> admitted to being homosexual has no merit. You were not charged
> with any Uniform Code of Military Justice (UCMJ) violations relating
> to any alleged homosexual acts at your GCM. Furthermore, the Board
> found that you pled guilty at your GCM violations.

ECF No. 14-7 at 2.  Even assuming the evidence showed that Wilhelm was in fact

targeted for prosecution or overcharged because of anti-homosexual bias, the

Board's decision demonstrates a rational connection between the facts found and

the choice to deny clemency. *Penland I*, 78 F.Supp.3d at 495 (quoting *Frizelle*, 111

F.3d at 176). For one, the Board "substantially concurred with the comments

contained in the advisory opinion," ECF No. 14-7 at 2, which opinion commented

that Wilhelm "was found guilty of charges independent of his sexual orientation,"

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 14

1    ECF No. 14-5 at 2. These charges included impersonating an officer, indecently

2    exposing himself, and misappropriating military property. *See* ECF No. 14-2.

3    Further, the Board highlighted that Wilhelm's dismissal was the result of him

4    pleading guilty to nine charges, *id.*, an important fact not addressed by Wilhelm in

5    his briefing. Finally, Wilhelm has not alleged or otherwise highlighted what record

6    evidence or information so "clearly presented an injustice" such that a Board acted

7    arbitrarily and capriciously for failing to grant Wilhelm clemency from his

8    sentence of dismissal. *Haselwander*, 774 F.3d at 996.

9        Whether or not the Board made the *right* decision in denying Wilhelm

10   clemency is not the focus of a reviewing court under the APA; rather, the task is

11   merely to determine whether the Board's decision, afforded "all due deference,"

12   *Kreis*, 866 F.2d at 1514-15, contains "a rational connection between the facts

13   found and the choice made." *Penland I*, 78 F.Supp.3d at 495.  Because it is clear

14   based on the allegations in the Amended Complaint together with the attachments

15   thereto that the Board did just that, Wilhelm has not stated an actionable claim.

16       **D.    Leave to Amend**

17       Even when a complaint fails to state a claim for relief, "[d]ismissal without

18   leave to amend is improper unless it is clear that the complaint could not be saved

19   by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)

20   (internal quotation marks omitted).

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 15

1    Based on the foregoing, this Court finds a second amended pleading would

2  not save Wilhelm's claim from dismissal, and Wilhelm has not argued why a

3  second opportunity to amend should be granted. Accordingly, this Court declines

4  to grant Wilhelm leave to file a second amended complaint

5    **ACCORDINGLY, IT IS ORDERED:**

6    1.  Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED.**  The

7  Amended Complaint is **DISMISSED** with prejudice for failure to state a claim.

8    2.  The District Court Executive is directed to enter this Order, enter

9  **JUDGMENT** accordingly, provide copies to counsel, and **CLOSE** the file.

10    **DATED** June 3, 2016.

11



12                    THOMAS O. RICE
                Chief United States District Judge
13

14

15

16

17

18

19

20

SECOND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 16